IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>JAY P. CLARK, dba,<br>CRYSTAL SPRINGS RANCH,<br><br>    Debtor. | Bk. Case No. 13-01278 |
| JAY P. CLARK, dba,<br>CRYSTAL SPRINGS RANCH,<br><br>    Appellant,<br><br>vs.<br><br>TOM DEVRIES, DEVRIES FAMILY FARMS, LLC., SIMPLOT GROWER SOLUTIONS, MURPHY LAND COMPANY, LLC.,<br><br>    Appellees. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:13-cv-00305-EJL |

Pending before the Court in the above-entitled matter is Debtor-Appellant Jay P. Clark's, d/b/a Crystal Springs Ranch, appeal from the decision of Bankruptcy Judge Jim D. Pappas granting the Appellee Tom DeVries and the DeVries Family Farm, LLC's Motion to Convert the bankruptcy from a Chapter 12 to a Chapter 7 bankruptcy case. The parties have submitted their responsive briefing and the matter is now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts

and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## FACTUAL BACKGROUND

On March 27, 2012, Debtor-Appellant Jay P. Clark's, d/b/a Crystal Springs Ranch, filed a voluntary petition for Chapter 12 bankruptcy. Thereafter, on April 4, 2012, Appellee Tom DeVries and the DeVries Family Farm, LLC entered into a contract to purchase 1500 tons of alfalfa hay for $180 per ton from "Crystal Springs Ranch – Jay Clark." (Dkt. 30-4, ER at 553.) Mr. DeVries signed the written agreement and sent it to Mr. Clark along with a check for $135,000 as a down payment on the hay. The hay has never been delivered.

On April 18, 2012, Mr. Clark sent Mr. DeVries a letter indicating that Mr. Clark was in the midst of state court proceedings and the hay comprising the subject matter of their contract was potentially in jeopardy. The state court proceeding had been instituted by Appellees Murphy Land Company, LLC ("Murphy Land") who owned the land upon which Mr. Clark operated Crystal Springs Ranch and had grown the hay that is the subject of his contract with Mr. DeVries. Murphy Land's state court case sought to evict Mr. Clark from the land.

In the state proceeding, on March 20, 2012, the state court judge had orally granted Murphy Land's motion for partial summary judgment and ruled that Mr. Clark's crop share lease was "void *ab initio*."[1] A written order formalizing that ruling was issued on March 26, 2012. (Dkt. 30-4, ER at 563.) The next day Mr. Clark filed his bankruptcy petition in this case. Mr. DeVries then filed a Motion to Convert the bankruptcy from a Chapter 12 to a Chapter 7. Bankruptcy Judge Pappas held a two-day hearing on the matter and, on May 31, 2013, ruled that the Motion to Convert should be granted pursuant to 11 U.S.C. § 1208(b) because Mr. Clark had committed fraud "in connection with the case."[2] It is this May 31, 2013 Order that is the subject of Mr. Clark's appeal.

## STANDARD OF REVIEW

A federal District Court has jurisdiction to entertain an appeal from the Bankruptcy Court under 28 U.S.C. § 158(a), which provides: "The district courts of the United States shall have jurisdiction to hear appeals ... from final judgments, orders, and decrees[ ] of bankruptcy judges[.]" On appeal, the Bankruptcy Court's conclusions of law are reviewed *de novo* and the factual findings for clear error. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009) (citation omitted); *see also* Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy

---

[1] The term *ab initio* is defined as from the beginning. *Black's Law Dictionary*, 5 (9th ed. 2009).

[2] The hearing before the Bankruptcy Court was held on May 24 and 31, 2013. (Dkt. 9, 10.) On the final day of the hearing, the Bankruptcy Judge made an oral ruling granting the Motion to Convert. (Dkt. 10.) On that same day, the Bankruptcy Court entered a short written Order denying the Motion to Dismiss and granting the Motion to Covert which formally adopted the Bankruptcy Judge's oral findings of fact and conclusions of law as stated on the record at the hearing. (Dkt. 1-4 and Dkt. 10.)

court to judge the credibility of the witnesses."). Questions of statutory interpretation are subject to *de novo* review. *In re MacIntyre*, 74 F.3d 186, 187 (9th Cir. 1996).

A Bankruptcy Court's decision that is made within its discretion under the Bankruptcy Code will not be set aside unless there is plain error or abuse of discretion. *See In re Rosson*, 545 F.3d 764 (9th Cir. 2008) (explaining that a bankruptcy court's decision to deny debtor's request for dismissal of his Chapter 13 case and to convert the case from Chapter 13 to Chapter 7 was reviewed for an abuse of discretion); *In Re Sherman*, 491 F.3d 948, 969 (9th Cir. 2007) ("[W]e review a bankruptcy court's decision to grant or deny a motion to dismiss for misconduct that constitutes 'cause' for abuse of discretion.").

Where, as here, the Bankruptcy Court's decision is in regard to a motion for conversion of a case, that decision is reviewed for abuse of discretion. *See In re Levesque*, 473 B.R. 331, 335 (B.A.P. 9th Cir. 2012) (citations omitted). A two-part test applies to determine whether the bankruptcy court abused its discretion. *Id.* (citation omitted). First, the court must "determine *de novo* whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *Id.* Second, the court examines the Bankruptcy Court's factual findings for clear error. *Id.* The Bankruptcy Court's factual findings are affirmed unless those findings are "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *Id.*

## ANALYSIS

**1. Did the Bankruptcy Court apply the correct legal rule**

The question before the Bankruptcy Court in this case centered on whether to dismiss or convert the case under 11 U.S.C. § 1208(d) which states: "On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter or convert a case under this chapter to a case under chapter 7 of this title upon a showing that the debtor has committed fraud in connection with the case." 11 U.S.C. § 1208(d).

Section 1208(b), however, states that a debtor may at any time request that a case be dismissed. 11 U.S.C. § 1208(b). A debtor's right to dismiss under § 1208(b) is not absolute but is instead subject to an exception allowing a creditor to convert a bankruptcy where the debtor has abused the legal process through fraud. *See In re Kahle*, No. 11-61359-13, 2013 WL 492465, at *7 (Bankr. D. Mont. Feb. 8, 2013); *Rossen*, 545 F.3d at 771 (Chapter 13 Bankruptcy case). This exception accounts for the circumstance where the purposes of the Bankruptcy Code to protect the "honest but unfortunate debtor" are thwarted by a debtor who commits fraud in connection with the case and then seeks to use section 1208(b) to avoid the consequences. In such instances, the debtor's power to dismiss should yield to the creditor's motion to convert.

In this case, the Court finds that the Bankruptcy Court applied the correct rule of law in concluding that Mr. Clark had committed fraud in connection to the case and, therefore, ruled that the case should be converted from a Chapter 12 to a Chapter 7

bankruptcy. The Bankruptcy Court correctly noted that § 1208(d) applied to the case, applied the appropriate burden of proof, and correctly stated and applied the definition for fraud. (Dkt. 10 at 177-79.) Notably, the Bankruptcy Court used the broader definition of fraud applicable to § 1208(d) but also went on to conclude that the evidence established fraud even under the state common-law fraud principles. (Dkt. 10 at 182-87.) As to the burden of proof, the Bankruptcy Court employed the correct preponderance of the evidence standard but also found that fraud had been shown even under the clear and convincing evidence standard. *See In re Massie*, 231 B.R. 249, 251 (E.D.Va. March 26, 1999) (The burden of proof on a motion to convert under § 1208(d) is upon the movant to show fraud by a preponderance of the evidence); *see also* (Dkt. 10 at 176-77.) Having reviewed the record in this case *de novo*, the Court finds the Bankruptcy Court identified and applied the correct rule of law to the relief requested.

**2.     Review of the Bankruptcy Court's factual findings for clear error**

The Court next looks to determine whether the Bankruptcy Court committed clear error in its factual findings; i.e. whether the factual findings are (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.

The Bankruptcy Court's conclusion that Mr. Clark had committed fraud in connection with the case is based on the record which established that Mr. Clark failed to inform Mr. DeVries about the state court proceedings and rulings that had been entered before the two entered into the contract for the sale of hay. Prior to Mr. DeVries

signing the contract and sending the down payment, the state court had ordered as follows:

>   1)   Murphy Land Company's Motion for Partial Summary Judgment as to the claims for unlawful detainer, trespass, and quiet title be granted;
>
>   2)   A lease Mr. Clark claimed entitled him to possession of Crystal Springs Farm was deemed void *ab initio* and was null and void; and
>
>   3)   Murphy Land Company was ordered to immediate restitution of possession of Crystal Springs Farm.

(Dkt. 30-4, ER at 563.) These state court orders were material to the hay buyers as they clearly invalidated Mr. Clark's claim to possession of Crystal Springs Farm prior to his contracting with Mr. DeVries to sell the hay that was grown on the land. (Dkt. 10 at 185.) The Bankruptcy Court noted that Mr. Clark is a lawyer who could appreciate and understand the ramifications of the state court's rulings – that he had lost his argument before the state court and was legally and practically incapable of satisfying the contractual obligations he entered into with the hay contract. (Dkt. 10 at 178-80, 184-86.) The Bankruptcy Court went on to note that Mr. Clark did not contest that the state court had entered the orders cited to by the Bankruptcy Court or that he did not disclose the same to Mr. DeVries prior to entering into the contract. (Dkt. 10 at 181-82.)

This Court finds that the Bankruptcy Court's finding of fraud based on Mr. Clark failure to disclose this material information to Mr. DeVries is sound, well reasoned, and entirely logical. The state court's rulings concerning the Crystal Springs Farm were

material and should have been disclosed to Mr. DeVries before entering into a contract and accepting the down payment.

Mr. Clark argues that the Bankruptcy Court's factual findings are in error because it failed to: define the terms of the contract, identify evidence of breach or that the contract required delivery of the hay, determine whether or not Mr. Clark was reasonable in believing he could sell the hay, and find the fraud was intentional. (Dkt. 15.) These arguments are irrelevant and fail to address the Bankruptcy Court's clear basis for its findings – Mr. Clark's failure to disclose the state court's orders to Mr. DeVries. Instead, Mr. Clark's appellate brief argues the Bankruptcy Court failed to address what was reasonable for him to have believed or known in terms of his ownership of the hay and the ownership over the lease. (Dkt. 15.) Again, those arguments are not relevant to the determination that was before the Bankruptcy Judge. The Bankruptcy Court noted that Mr. Clark's actions here were not just "sharp business dealings" but were fraudulent in that he "failed to disclose material facts to his customers that they were entitled to know." (Dkt. 10 at 182.) The Court finds no clear error in the Bankruptcy Court's findings.

The Appellees' both argue that this Court could alternatively find fraud based on the inaccuracies and errors in Mr. Clark's bankruptcy schedules. (Dkt. 25 at 11) (Dkt. 26 at 9, 17-22.) The Bankruptcy Court explicitly declined to make any factual findings in this regard. (Dkt. 10 at 187.) This Court too will not address this alternative argument.

**MEMORANDUM DECISION AND ORDER** - Page 8
14orders/clark_bank

The Bankruptcy Court did not make any findings on this issue and this Court finds it unnecessary to do so on appeal given the clear record of fraud that exists in this case.

**3.     Attorney Fees**

Mr. DeVries also seeks costs and attorney fees incurred in connection with this appeal pursuant to Federal Rule of Appellate Procedure 38 and Bankruptcy Rule of Procedure 8020. (Dkt. 26 at 39.) Both rules specify that such a request should be made in a separately filed motion. *See* Fed. R. App. P. 38; Bankr. R. P. 8020. Accordingly, the Court finds the request included in the Appellee's response to be premature. Counsel may file a separate motion in accordance with the rules that the Court will take up in due course.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the Bankruptcy Court's decision denying Debtor's Motion to Dismiss and granting Creditors' Motion to Covert, issued on May 31, 2013, is **AFFIRMED**.

DATED:  **March 4, 2014**

Honorable Edward J. Lodge
U. S. District Judge